**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEPHEN A. BREWSTER,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No. 4:25-cv-59-MW-MAF**

**DEPT. OF CHILDREN AND
FAMILY SERVICES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se pre-trial detainee at Florida State Hospital (FSH), initiated this action by submitting a handwritten civil rights complaint on lined paper, ECF No. 1. He did not pay the filing fee or file a motion for in forma pauperis (IFP) status. As explained below, Plaintiff is not eligible to belatedly pay the filing fee or obtain IFP status because he is a "three-striker" under the Prison Litigation Reform Act (PLRA) and does not allege he is in imminent danger of serious physical injury. Dismissal is warranted.

The PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court takes judicial notice of Plaintiff's three prior prisoner civil rights cases dismissed for failure to state a claim: <u>Brewster v. State of Florida</u>, Case No. 8:09-cv-1452-RAL-MAP (M.D. Fla. July 31, 2009); <u>Brewster v. State of Florida</u>, Case No. 8:12-cv-1208-JDW-AEP (M.D. Fla. June 6, 2012); <u>Brewster v. Scire</u>, Case No. 8:17-cv-901-CEH-MAP (M.D. Fla. April 21, 2017). All were filed when Plaintiff was a prisoner.[1]

Plaintiff is also aware of his status as a three-striker and the requirements placed on him because of his involvement in other cases. <u>See Brewster v. State of Florida, et al.</u>, Case No. 4:24-cv-474-MW-MAF (N.D. Fla. January 7, 2025) (dismissing nearly identical complaint pursuant to 1915(g) and finding no allegations of imminent danger); <u>Brewster v. Knight</u>, 8:20-cv-610-SDM-JS (M.D. Fla. April 2, 2020) (dismissal pursuant to 1915(g) and discussion of Plaintiff's three-strike case history).

Because Plaintiff has three strikes, he is not entitled to proceed without paying the filing fee at the time of case initiation unless he alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Each of Plaintiff's prior three-strike cases cited herein bear his name and DOC inmate number.

Plaintiff attempts to bring suit against the Florida Department of Children and Families and the State of Florida for events that occurred between January 31, 2025 and February 1, 2025. ECF No. 1 at 1-2. He claims FSH residents got into a fight and blood was left on the floor until he cleaned it up. Id. Similar to his previous case, he claims Defendants are "forcing patients…to live and remain with blood-pathogen forensic-screening patients before" any testing for HIV or "other blood-pathogen diseases" occurs. Id. at 3-4. He also claims Defendants have denied him access to the courts because he can only access the law library once every two weeks. Id. at 7. Finally, Plaintiff attempts to add eight other FSH residents as plaintiffs, though he is the only one who signed the complaint. Id. at 5-6, 9.

Once again, Plaintiff presents no allegations that show he is under imminent danger of serious physical injury from any person or situation.[2] Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not pay the filing fee at the same time the complaint was submitted, and as a three-striker under § 1915(g), Plaintiff is not entitled to belatedly pay it. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

---

[2] Even if he could present facts showing imminent danger, dismissal would still be warranted because multiple prisoners cannot join claims without each paying the full amount of the filing fee. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001). Further, a pro se litigant cannot represent others. Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (pro se prisoner "cannot bring an action on behalf of his fellow...inmates").

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida on February 13, 2025.

> s/ Martin A. Fitzpatrick
> MARTIN A. FITZPATRICK
> UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**